NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 8, 2010[*]
Decided September 14, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 10-1297

| | |
|---|---|
| DENNIS LEE HOHOL, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 07-C-1007 |
| | |
| CATHY JESS, et al., | Charles N. Clevert, Jr., |
| *Defendants-Appellees*. | *Chief Judge*. |

**O R D E R**

Dennis Hohol, an inmate, filed suit under 42 U.S.C. § 1983, claiming that he was denied freedom of association and due process—as protected by the First and Fourteenth Amendments—when employees of the Wisconsin Department of Corrections refused to put his granddaughters on his approved list of visitors. The district court granted summary judgment for the defendants. Hohol appeals; we affirm.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Hohol engaged in sex acts with seven boys between the ages of 10 and 14. He was convicted in 2002 of three counts of second-degree sexual assault of a child, *see* WIS. STAT. § 948.02(2), and one count of child enticement, *see id.* § 948.07(1), and sentenced to 35 years in prison. *See State v. Hohol*, 2005 WL 2372666 (Wis. Ct. App. 2005). He was sent in December 2002 to Dodge Correctional Institution. The next month two of Hohol's granddaughters, ages 11 and 4, were added to a list of approved visitors.

In January 2004, Hohol's daughter-in-law completed a form to add his 2-month-old granddaughter as an approved visitor. While reviewing that request, officials discovered that one of Hohol's victims was his stepson and that Hohol had been identified as needing sexual-offender treatment. Given the nature of Hohol's convictions and the fact that he had not yet received treatment, social worker Barb Zink recommended that all three granddaughters be excluded from his visitors' list. The warden's designee—identified in the record only as Ms. Krueger—accepted Zink's recommendation. Krueger explained that Hohol's background created reasonable grounds for believing that visitation could be problematic, and disallowed visits from all three girls. *See* WIS. ADMIN. CODE DOC § 309.08(4)(f).

Hohol responded by filing an institutional complaint. He pointed out that no court order barred visitation by his grandchildren and that the older girls had been visiting him for 13 months, and asked that the three girls be put on his visitors' list. Michael Beck, a complaint examiner, concluded that disallowing visits from the children was appropriate under the Wisconsin Administrative Code. He recommended denying the complaint, and John Bett, the warden, did so. Hohol filed an administrative appeal, but Sandra Hautamaki, the reviewing official, likewise saw no violation of the administrative code. Cindy O'Donnell, deputy secretary of the Wisconsin Department of Corrections, followed Hautamaki's recommendation and upheld the warden's decision in February 2004.

Hohol also sought visitation with his granddaughters in October 2004. The warden's designee—identified in the record as J. Bloedow—again accepted the recommendation of social workers and denied visitation. Hohol objected to the decision and filed a complaint, but Beck rejected it as untimely, and Hohol did not appeal.

In November 2007, Hohol filed this pro se lawsuit against Beck, Bett, Hautamaki, O'Donnell, and Cathy Jess, who became the warden at Dodge in December 2004. Hohol claimed that preventing his granddaughters from visiting him in prison violated his rights under the First, Eighth, and Fourteenth Amendments, and he sought $500,000 in damages. At screening, the district court dismissed the Eighth Amendment claim but allowed the First and Fourteenth Amendment claims to go forward. *See* 28 U.S.C. § 1915A. Following discovery, however, the court granted the defendants' motion for summary judgment. The

court reasoned that none of the five defendants was personally responsible for any constitutional deprivation Hohol might have suffered, as required for a suit under § 1983. Alternatively, the court concluded that the defendants enjoyed qualified immunity.

We review the district court's grant of summary judgment de novo, *see Singer v. Raemisch*, 593 F.3d 529, 533 (7th Cir. 2010), but Hohol presents nothing on appeal to challenge the conclusion that his suit must fail. Whether he has a constitutional right to receive visits from his granddaughters is an open question, *see Overton v. Bazzetta*, 539 U.S. 126, 131-32 (2003); *see also Maydak v. United States*, 363 F.3d 512, 516-17 (D.C. Cir. 2004); *Wirsching v. Colorado*, 360 F.3d 1191, 1198 (10th Cir. 2004), but even if a right exists, Hohol's suit must fail unless the named defendants were personally responsible for barring the children, *see Grieveson v. Anderson*, 538 F.3d 763, 776 (7th Cir. 2008); *Johnson v. Snyder*, 444 F.3d 579, 583-84 (7th Cir. 2006). It was Zink, the social worker, who recommended that Hohol be denied visits from his granddaughters, and Krueger and Bloedow, the warden's designees, who followed the recommendations and disapproved the girls as visitors.

Hohol contends, however, that Beck, Bett, Hautamaki, O'Donnell, and Jess deprived him of his rights by rejecting his administrative complaint (although Jess, in fact, did not become the warden at Dodge until several months later and had nothing to do with his complaints). But simply evaluating or rejecting an inmate's institutional complaint does not make a prison official complicit in the alleged deprivation. *See George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007); *Greeno v. Daley*, 414 F.3d 645, 656-57 (7th Cir. 2005). These defendants did not condone or turn a blind eye to any constitutional violation, *see Knight v. Wiseman*, 590 F.3d 458, 462-63 (7th Cir. 2009), and Hohol does not suggest that they did anything else to deny him his rights.

Accordingly, we AFFIRM the judgment of the district court.